**DUNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

---

| | |
|---|---|
| In re: | **Joint Administration Pending** |
| Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic, | Case No.: 26-30886 |
| The Medical Group, LLC, | Case No.: 26-30888 |
| North Dakota Dialysis, LLC, | Case No.: 26-30889 |
| Aurora Dialysis, LLC, | Case No.: 26-30890 |
| Kidney Institute of North Dakota, LLC, | Case No.: 26-30891 |
| KDJ Investment Group, LLC, and | Case No.: 26-30892 |
| KDJ Properties, LLC, | Case No.: 26-30893 |
| | Chapter 11 Cases |
| Debtors.[1] | |

---

## MOTION FOR EXPEDITED HEARINGS

---

1. Debtors Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic ("Grand Forks Clinic"), The Medical Group, LLC ("Medical Group"), North Dakota Dialysis, LLC ("ND Dialysis"), Aurora Dialysis, LLC ("Aurora Dialysis"), Kidney Institute of North Dakota, LLC ("Kidney Institute"), KDJ Investment Group, LLC ("KDJ Investment"), and KDJ Properties, LLC ("KDJ Properties," and, together with Grand Forks Clinic, Medical Group, ND Dialysis, Aurora Dialysis, Kidney Institute, and KDJ Investment, the "Debtors") hereby file this Motion for Expedited Hearings (the "Motion") seeking expedited hearings on the following motions: (a)

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Debtors' addresses and Employer Identification Numbers (EINs) are as follows: Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic (EIN #0821); The Medical Group, LLC (EIN #3765); North Dakota Dialysis, LLC (EIN #3768); Kidney Institute of North Dakota, LLC (EIN #6471); and KDJ Investment Group, LLC (EIN #2199), each located at 5750 S. Washington Street, Grand Forks, ND 58201. Aurora Dialysis, LLC (EIN #8084) is located at 1451 44th Avenue South, Suite 104D, Grand Forks, ND 58201, and KDJ Properties, LLC (EIN #1920) is located at 645 Beacon Circle, Grand Forks, ND 58201.

Motion for Order Authorizing Joint Administration of Cases; (b) Motion for Order Authorizing the Use of Cash Collateral on an Interim and Final Basis; (c) Motion for Order Authorizing Maintenance of Existing Bank Accounts and Check Stock and Continued Use of Cash Management System; and (d) Motion for Order Authorizing the Debtors to Pay Accrued and Outstanding Prepetition Employee Compensation, Benefits, and Related Amounts (the "First Day Motions"), which were filed contemporaneously with this Motion. This Motion should be granted because the Debtors need immediate relief as requested in the First Day Motions to avoid irreparable harm in the initial days of these Chapter 11 cases.

2. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The petitions commencing these Chapter 11 cases were filed on October 16, 2026 (the "Petition Date"). The cases are currently pending before this Court.

4. This Motion arises under 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9006(c), and Local Rule 9006-1. This Motion is filed under Fed. R. Bankr. P. 9013 and Local Rule 9013-1. Local Rule 2002-1(E)(7) permits the Court to grant this Motion without a hearing or opportunity to respond.

## BACKGROUND

5. On the Petition Date, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

There is presently no pending request or motion for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed.

6. Further background information about the Debtors and facts related to other first day motions are set forth in the Declaration of Dr. Khaled Rabadi in Support of Chapter 11 Petition and First Day Motions.

7. The Debtors are related companies with common ownership. In conjunction with the Motion, the Debtors are also filing a motion for joint administration of these seven cases.

## RELIEF REQUESTED

8. Providing full notice of the First Day Motions would immediately and irreparably harm the Debtors.

9. The Debtors have filed the First Day Motions in order to facilitate an orderly transition to Chapter 11.

10. The Debtors need the interim use of cash collateral before a final order may be entered to pay the costs and expenses of their ongoing operations. The Debtors also seek immediate approval to pay any prepetition wages to their employees, immediate permission to continue using their current bank accounts, and approval to pay critical vendors. If the Debtors cannot immediately use cash collateral, pay their employees, maintain their current bank accounts, and pay critical vendors, they will not be able to fund their operations, keep their employees, receive funds from customers, and receive vital goods and services from critical vendors, which will result in loss of value for the Debtors' estates and their creditors.

11. The granting of this Motion will allow the Debtors to avoid delays at this early and critical stage of these cases and provide for a smooth transition into Chapter 11. If disruptions were to occur, the negative impact on the Debtors' business operations would be severe and could

diminish the prospects of a successful reorganization and the generation of maximum return for all creditors.

12. For these reasons, the Debtors request expedited hearings on the First Day Motions pursuant to Local Rule 9006-1 and Fed. R. Bankr. P. 9006(c). This Motion requests a hearing date on October 23, 2026, and is consistent with the expedited relief contemplated in Local Rule 9006-1.

13. The Debtors further request that the hearing be held by telephone or video conference under Local Rules 5001-1 or 5001-2. Telephone or video conference will make the hearing easily accessible for interested parties on short notice and reduce administrative costs to the estates by eliminating travel time for the Debtors' attorneys.

**BASIS FOR RELIEF REQUESTED**

14. Local Rule 2002-1(B) requires a moving party to provide 14 days' notice for a motion if the Federal Rules of Bankruptcy Procedure do not provide a specific notice period.

15. Federal Rule of Bankruptcy Procedure 4001(b)(2) provides that a court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. The rule further provides that the court may conduct a preliminary hearing before such 14-day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

16. Federal Rule of Bankruptcy Procedure 2002(a)(2) generally requires a moving party to provide 21 days' notice for "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business." *See also* 11 U.S.C. § 363.

17. However, Fed. R. Bankr. P. 9006(c) allows the Court "in its discretion . . . [to] order the period reduced."

18. Here, cause exists to reduce the notice period for the First Day Motions. The Debtors also have an urgent need for use of cash collateral. The Debtors must meet vendor obligations, or their business will be severely harmed. If that occurs, the value of the estates will be greatly diminished.

19. Finally, the notice of the Motion is at least two days prior to the hearing and is consistent with the expedited relief contemplated in Local Rule 9006-1.

## CONCLUSION

20. For the foregoing reasons, the Debtors respectfully request that the Court grant the relief requested in the Motion.

21. This Motion is accompanied by a proposed order.

22. Pursuant to Fed. R. Bankr. P. 9006(d), this Motion is supported by the verification of facts in the Affidavit of Khaled Rabadi attached hereto.

23. Pursuant to Local Rule 9014-1(B), the Debtors call Dr. Khaled Rabadi, whose business address is 5750 S. Washington St., Grand Forks, ND 58201, to testify regarding the facts set forth in the Motion.

24. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order:

A. Scheduling expedited hearings on the First Day Motions by telephone or video conference; and

B. Granting such other relief as the Court deems just and equitable.

Dated: October 19, 2026

*/e/ Steven R. Kinsella*
Steven R. Kinsella (#09514)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
(612) 492-7000
skinsella@fredlaw.com

Austin A. Eggl (#09672)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND 58102-4991
(701) 237-8200
aeggl@fredlaw.com

**PROPOSED ATTORNEYS FOR DEBTORS**

**AFFIDAVIT**

I, Khaled Rabadi, am the owner of Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic, The Medical Group, LLC, North Dakota Dialysis, LLC, Aurora Dialysis, LLC, Kidney Institute of North Dakota, LLC, KDJ Investment Group, LLC, and KDJ Properties, LLC, and I declare under penalty of perjury that the facts set forth in the preceding Motion for Expedited Hearings are true and correct, according to the best of my knowledge, information, and belief.

Dated: October 19, 2026

Signed:______________________________
Khaled Rabadi

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

---

In re:

| | |
|---|---|
| Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic,<br>The Medical Group, LLC,<br>North Dakota Dialysis, LLC,<br>Aurora Dialysis, LLC,<br>Kidney Institute of North Dakota, LLC,<br>KDJ Investment Group, LLC, and<br>KDJ Properties, LLC,<br><br>Debtors. | Case No.: 26-30886<br>Case No.: 26-30888<br>Case No.: 26-30889<br>Case No.: 26-30890<br>Case No.: 26-30891<br>Case No.: 26-30892<br>Case No.: 26-30893<br><br>Chapter 11 Cases |

---

**ORDER GRANTING MOTION**
**TO EXPEDITE HEARINGS ON FIRST DAY MOTIONS**

---

Debtors Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic ("Grand Forks Clinic"), The Medical Group, LLC ("Medical Group"), North Dakota Dialysis, LLC ("ND Dialysis"), Aurora Dialysis, LLC ("Aurora Dialysis"), Kidney Institute of North Dakota, LLC ("Kidney Institute"), KDJ Investment Group, LLC ("KDJ Investment"), and KDJ Properties, LLC ("KDJ Properties," and, together with Grand Forks Clinic, Medical Group, ND Dialysis, Aurora Dialysis, Kidney Institute, and KDJ Investment, the "Debtors") filed a Motion for Expedited Hearings (the "Motion") seeking to be heard on the following First Day Motions on October 23, 2026:

1. Motion for Order Authorizing Joint Administration of Cases;

2. Motion for Order Authorizing the Use of Cash Collateral on an Interim and Final Basis;

3. Motion for Order Authorizing the Debtors to Pay the Prepetition Amounts Relating to Certain Critical Vendors;

4. Motion for Order Authorizing Maintenance of Existing Bank Accounts and Check Stock and Continued Use of Cash Management System;

5. Motion for Order Authorizing the Debtors to Pay Accrued and Outstanding Prepetition Employee Compensation, Benefits, and Related Amounts;

(the "First Day Motions").

The Court finds it is appropriate to conduct a hearing on the First Day Motions on an expedited basis. **THEREFORE, IT IS ORDERED** that the Debtors' Motion is **GRANTED.** The First Day Motions will be heard on October 23, 2026, at 9:00 A.M. by telephone or video conference.

Written objections shall be filed by October 22, 2026. All objections will be heard at this hearing. The hearing on the First Day Motions will be regarded as a preliminary hearing. The Court will consider interim relief on the First Day Motions and only authorize relief necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

A final hearing will be held on October ??, 2026, at 00:00 A/P.M. by telephone or video conference. Additional objections, if any, must be filed not later than _______, 2026. If the Court receives no objections, it may enter an order granting the relief requested and cancel the hearing.

Please be advised that all hearings are evidentiary unless the Court schedules a preliminary hearing to address scheduling, discovery, or other matters. Parties shall disclose witness lists and exhibits not later than two business days before the hearing on a contested matter unless the hearing is scheduled on an expedited basis.

Your rights may be affected in this action. You should read these papers carefully and discuss the matters with your attorney if you have one. If you want the Court to consider your views, you should file a written response to the action, if one has not been filed, and attend the

hearing that has been scheduled. If you do not take these steps, the Court may assume that you do not oppose the action and may enter an order approving the request made in these legal documents.

Dated:

SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT